Matter of I.G. (D.V.) (2025 NY Slip Op 05766)

Matter of I.G. (D.V.)

2025 NY Slip Op 05766

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Docket No. NN-19245/23, NN-19246/23|Appeal No. 4996|Case No. 2023-06751|

[*1]In the Matter of I.G. and Another, Children Under Eighteen Years of Age, etc., D.V. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Law Office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Lauren T. Broderick, J.), entered on or about November 22, 2023, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that the mother neglected the subject children, unanimously reversed, on the law and the facts, without costs, the neglect finding vacated, and the petitions dismissed.
The determination that the mother neglected the subject children was not supported by a fair preponderance of the evidence at the fact-finding hearing. A parent has neglected a child when the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" as the result of the parent's failure to "exercise a minimum degree of care" (Family Court Act § 1012[f][i][A]). "While parental neglect may be based on mental illness, proof of a parent's mental illness alone will not support a finding of neglect" (Matter of Geoffrey D. [Everton D.], 158 AD3d 758, 759 [2d Dept 2018]), unless it is shown that the parent's condition resulted in imminent danger to the child (see Matter Jayvien E. [Marisol T.], 70 AD3d 430, 435-436 [1st Dept 2010]). Although the record here suggests that the mother, who had been diagnosed with major depressive disorder, cannabis use disorder, adjustment disorder, and post-traumatic stress disorder, may have been non-compliant with her mental health treatment, the record does not contain evidence sufficient to support a finding of "a link or causal connection between the basis for the neglect petition and the circumstances that allegedly produce the child's impairment or imminent danger of impairment" (Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]). The only conduct linked to the mother's mental health was the 14-year-old child's statements to the caseworker that he feared being with the mother outside of the home because she believed they were being watched, and that she once took a photograph of a man on the subway platform whom she believed was following them. Petitioners failed to establish how this behavior, or more broadly, how the mother's diagnosis in general, posed a "substantial probability of neglect" that would put the children at risk of being impaired (Jayvien E., 70 AD3d at 436). Additionally, there were no signs of physical neglect, and, according to the hearing testimony, the mother had a great relationship with the 10-year-old child, who reported that she felt safe with the mother.
The neglect finding based on excessive corporal punishment also was not supported by a preponderance of the evidence (see Family Court Act § 1012[f][i][B]). The mother slapped the 14-year-old child with an open hand when he refused to provide her with the passcode to his cell phone, was rude and disrespectful, and told her he wished she were dead. The mother testified that she demanded to see the child's cell phone after the school called her to express concern over a change in the child's behavior and his cell phone usage. The record indicates that the child did not report that the slapping caused him pain, nor were there any marks or bruising on his face or body. A parent has a common-law privilege to use reasonable physical force to discipline a child (see Matter of Peter G., 6 AD3d 201, 206 [1st Dept 2004], appeal dismissed 3 NY3d 655 [2004]). Under the circumstances presented here, the mother's action in inappropriately slapping the child failed to rise to the level of neglect (see Matter of Elina M. [Leonard M.], 236 AD3d 25, 31-35 [2d Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025